# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| TAYAH LACKIE,<br><br>    *Plaintiff*,<br><br>v.<br><br>MINNESOTA STATE UNIVERSITY STUDENT ASSOCIATION, INC. d/b/a STUDENTS UNITED; ST. CLOUD STATE UNIVERSITY; ROBBYN R. WACKER, in her personal and official capacity as President of ST. CLOUD STATE UNIVERSITY; and LARRY LEE, in his personal and official capacity as Vice President for Finance and Administration at ST. CLOUD STATE UNIVERSITY,<br><br>    *Defendants*. | Civil Action No. _____<br><br><br>**COMPLAINT** |

## INTRODUCTION

1. The Board of Trustees of the Minnesota State Colleges and Universities (the "Board") mandates that every student who attends a school in that system be a member of, and pay union dues to, a group called Students United—a private corporation created for the purpose of engaging in political speech, which advocates for and takes positions on controversial policies and legislation, and which purports to speak on all students' behalf.

2. For example, Students United has aggressively advocated for the abolition of student debt—including through a website called "Fck Student Debt" and a Twitter/X account, @FckStudentDebt.

3. Every student in the Minnesota State university system is forced to associate with and subsidize Students United and its speech—even if the student disagrees with it.

4. Every university in the Minnesota State university system, including St. Cloud State University, enforces the Board's policy by collecting dues for Students United, on Students United's behalf.

5. As a student at St. Cloud State University, Plaintiff Tayah Lackie was forced to fund Students United's speech, including speech she strongly disagrees with. For example, as someone who took on no college debt and worked to pay her own tuition, she disagrees with Students United's calls to abolish student debt.

6. By forcing Plaintiff to pay fees to Students United as a condition of her enrollment at St. Cloud State University, the Defendants violated her First Amendment right *not* to associate with or subsidize any private organization's political speech.

7. By forcing Plaintiff to be a member of Students United as a condition of her enrollment at St. Cloud State University, the Defendants violated her First Amendment right of freedom of association.

8. Because St. Cloud State University's mandatory collection of dues for Students United compels association and speech in violation of the First Amendment, the Court should award Plaintiff damages for her constitutional injuries and Students United's unjust enrichment at her expense.

## JURISDICTION AND VENUE

9. This case raises claims under the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983. The Court therefore has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

10. Venue is proper under 28 U.S.C. § 1391 because the events giving rise to this action occurred in this district.

## PARTIES

11. Plaintiff Tayah Lackie is a Minnesota resident who attended St. Cloud State University from the Fall of 2021 through her graduation on May 3, 2024, and was required to pay fees to Defendant Students United as a condition of her enrollment.

12. Defendant Minnesota State University Student Association, Inc. d/b/a Students United ("Students United") is a Minnesota nonprofit corporation with its principal place of business in Minnesota.

13. Defendant St. Cloud State University is a state university in St. Cloud, Minnesota, that is part of the Minnesota State Colleges and Universities ("Minnesota State") system.

14. Defendant Robbyn R. Wacker is the President of St. Cloud State University. Upon information and belief, as President of St. Cloud State University, Wacker is responsible for collecting dues from students like Plaintiff for Students United and has collected dues from Plaintiff for Students United.

15. Defendant Larry Lee is the Vice President for Finance and Administration at St. Cloud State University. Upon information and belief, as Vice President for Finance and Administration at St. Cloud State University, Lee is responsible for collecting dues from students like Plaintiff for Students United and has collected dues from Plaintiff for Students United.

3

## FACTS

**The Minnesota State Colleges and Universities force students to join and pay fees to a private nonprofit advocacy group called Students United.**

16. Every student who attends a university in the Minnesota State system is required to be a member of, and pay a fee (also described herein as "dues") to, an organization called "Students United," a private nonprofit that engages in advocacy—that is, political speech—on a variety of controversial issues.

17. The Board imposed this requirement under its authority to "adopt suitable policies for the institutions it governs," Minn. Stat. § 136F.06, subd. 1, and to "prescribe fees to be charged students for student unions, state college and university activities, functions, and purposes," *id.* § 136F.70, subd. 2.

18. Under a policy the Board enacted, "[e]ach campus student association shall be affiliated with its statewide student association and all students enrolled in credit courses will be members of their respective statewide association." Minn. State Bd. Pol'y 3.7(2); Minn. Stat. § 136F.22.

19. The "statewide association" of which all students must be members is Students United. Minn. State Bd. Pol'y 3.7(1).

20. Minnesota State universities must collect mandatory fees from every student "for each enrolled credit by each college and university," which "must be credited to [Students United's] account to be spent as determined by [Students United]." Minn. State Bd. Pol'y 3.7(3); *see* Minn. Stat Bd. Proc. 5.11.1.

4

21. At St. Cloud State University, the general fee rate that students must pay to Students United is 80 cents per credit. That is the fee imposed on students and collected by St. Cloud State University, which Plaintiff attended.[1]

22. Students United exercises a right or privilege having its source in state authority when it collects mandatory fees from St. Cloud State University and students such as Plaintiff.

**Students United uses students' mandatory fees for political speech on controversial issues.**

23. Students United engages in a wide variety of political speech on controversial issues.

24. For example, Students United advocates for the abolition of student loan debt. It has done so through a website it owns (or owned) called "Fck Student Debt," the home page of which appeared as follows[2]:

---

[1] *Cost of Attendance, Tuition, and Fees*, St. Cloud State University, https://www.stcloudstate.edu/businessservices/student-services/cost-of-attendance.aspx (last visited May 3, 2024).

[2] The website is currently unavailable. The website as it appeared on October 30, 2023 is archived at https://web.archive.org/web/20231030204430/https://www.fckstudentdebt.com/.



25. According to the website, "Fck Student Debt is "a special project by Students United to eliminate all of the student loan debt created by higher education institutions in the state of Minnesota and to push federal legislators to cancel student loan debt." It hopes to achieve this through "big government policy changes" and "increased federal funding for public universities."[3]

26. Students United continues to advocate for the abolition of student debt through an X (Twitter) account specifically dedicated to that cause, @FckStudentDebt.

---

[3] *About*, Fck Student Debt, archived as it appeared on October 30, 2023, at https://web.archive.org/web/20231030204430/https://www.fckstudentdebt.com/.

27. For example, Students United posted the following tweet to @FckStudentDebt on April 26, 2024:



28. In another example, Students United posted the following tweet to @FckStudentDebt on April 3, 2024:



29. In another example, Students United posted the following tweet to @FckStudentDebt on March 27, 2024:



30. In March 2024, Students United "student leaders" traveled to Washington, D.C., to advocate for Students United's "2024 federal agenda," as advertised in this tweet posted to Students United's primary X account, @Students7United:



31. Students United's 2024 "federal legislative agenda," posted on its website, includes urging Congress to pass "The Enhance Access to SNAP (EATS) Act of 2023, which would "expand access to SNAP for students enrolled in college part-time or more"; supporting the "Freedom to Vote Act," which would substantially revise federal election laws; supporting

"The Enhancing Mental Health and Suicide Prevention Through Campus Planning Act"; and urging Congress to "double the maximum Pell Grant Award."[4]

32. In February 2024, Students United went to the State Capitol to introduce its state legislative agenda, as it advertised in this tweet:



---

[4] *Students United Federal Legislative Agenda 2024*, https://static1.squarespace.com/static/574e037a1bbee008cb2da343/t/65dcea4f3dd7f0012b1e587d/1708976721816/Federal+Legislative+Agenda+Webfile.pdf (last visted May 3, 2024).

33. Students United's 2024 "state legislative agenda," posted on its website, includes calling on legislators to expand SNAP benefits for students; expanding the "Student Borrower Bill of Rights" to "establish an individual right of action" and "clarify Minnesota's student loan Ombudsperon's market monitoring authority"; supporting Minnesota State's "bonding and supplemental budget request"; and advocating for "universal FAFSA completion" by high school students.[5]

34. These examples of Students United's political speech are far from exhaustive.

35. Indeed, political advocacy pervades Students United's work and is at the core of its purpose, as reflected throughout its website, including its description of the group as "the inclusive voice for all future, current, and former students. . . . actively work[ing] to represent and support Minnesota State University Students and advocate at a system, local, state, and federal level for higher education policies."[6]

36. Students United receives most of its funding—76%, according to its projection for Fiscal Year 2024—from students' mandatory fees, and it uses those fees to fund its political speech.[7]

---

[5] *Students United State Legislative Agenda 2024*, https://static1.squarespace.com/static/574e037a1bbee008cb2da343/t/65c6b29bc5a8bc452 38a58c1/1707520669729/State+Legislative+Agenda+Webfile.pdf (last visited May 3, 2024).

[6] *Who is Students United*?, Students United, https://www.studentsunited.org/about (last visited May 9, 2024).

[7] *Students United Budget*, Students United, https://www.studentsunited.org/budget (last visited May 8, 2024).

**Injury to Plaintiff Tayah Lackie**

37. Plaintiff Tayah Lackie began attending St. Cloud State University in the Fall 2021 semester, as an 11th-grade high-school student, through the state's Postsecondary Enrollment Options ("PSEO") program, which allows high-school students to earn college credit tuition-free.

38. Ms. Lackie continued to attend St. Cloud State the following (2022-2023) school year as a 12th-grade high school student, again through the PSEO program.

39. Upon graduating from high school, Ms. Lackie continued her studies at St. Cloud State in the 2023-2024 academic year, at her own expense.

40. To pay her tuition, Ms. Lackie worked part-time, completed a full-time for-credit internship in Fall 2023, and did not incur any student loan debt.

41. Shortly before graduating in 2024, Ms. Lackie learned that she had been forced to pay fees to Students United along with her tuition for the 2023-2024 academic year, including $9.60 in the Fall semester and $12.00 in the Spring semester, as itemized on her school account statements.

42. Apart from those account statements, neither St. Cloud State nor Students United informed Ms. Lackie that she was required to pay fees to Students United.

43. Ms. Lackie does not recall ever receiving any information about Students United or its activities from St. Cloud State, Students United, fellow students, or university personnel.

44. There is no private agreement between Ms. Lackie and Students United; rather, her fees were only authorized to be deducted pursuant to the Board's policy and St. Cloud State University's enforcement of that policy.

45. Students, including Ms. Lackie, have no opportunity to opt out of paying student fees to Students United.

46. Students, including Ms. Lackie, are not informed of any right they have not to associate with Students United, nor are they given any opportunity to waive any right not to associate with Students United.

47. Ms. Lackie objects to being forced to pay for Students United's speech, much of which she disagrees with, including but not limited to its advocacy for the abolition of student debt.

48. As a student who worked a part-time job to avoid student loan debt, Ms. Lackie especially objects to being forced to use the money she earned to pay for college to fund advocacy to eliminate the debt of other students who chose to take on loans.

49. Moreover, Ms. Lackie objects to being forced to pay for any political speech by Students United, regardless of whether she agrees with it, as a condition of attending St. Cloud State.

50. Ms. Lackie also objects to having been forced to be a member of Students United as a condition of attending St. Cloud State. But for the Board's policy forcing her to be a paying member, and St. Cloud State University's enforcement of that policy, she never would have joined or paid any money to Students United.

## CLAIMS FOR RELIEF

### COUNT I

**Defendants violated Plaintiff's First Amendment rights by requiring her to pay fees to Students United as a condition of enrollment at St. Cloud State University.**

51. Plaintiff incorporates by reference all preceding paragraphs.

52. The First Amendment protects both the freedom of speech and the freedom of association.

53. The freedom of speech "includes both the right to speak freely and the right to refrain from speaking at all." *Janus v. AFSCME Council 31*, 138 S. Ct. 2448, 2463 (2018) (cleaned up). And the "[f]reedom of association . . . plainly presupposes a freedom not to associate." *Roberts v. U.S. Jaycees*, 468 U.S. 609, 623 (1984).

54. Defendants required Plaintiff and require students to associate with and subsidize Students United's political speech by charging and collecting mandatory fees.

55. The mandatory fees compelled Plaintiff to associate with and subsidize Students United's speech with which she disagreed, which she would not voluntarily associate herself with or subsidize, as a condition of attendance at St. Cloud State University.

56. Defendants have no compelling interest sufficient to justify the mandatory fees' infringement on Plaintiff's freedom of speech and freedom of association.

57. The requirement to pay fees collected by St. Cloud State, Wacker, and Lee, and transmitted to Students United, is not sufficiently tailored to serve any compelling government interest.

58. Forced payment of fees to Students United violated Plaintiff's First Amendment rights and caused her harm for which she seeks an award of restitution, damages, or both.

## COUNT II

**Defendants violated Plaintiff's First Amendment rights by requiring her to be a member of Students United as a condition of enrollment at St. Cloud State University.**

59. Plaintiff incorporates by reference all preceding paragraphs.

60. The First Amendment protects the freedom to associate.

61. A policy enacted by the Board and enforced by Defendants compelled Plaintiff to be a member of Students United as a condition of her enrollment at St. Cloud State University.

62. Mandatory membership in Students United substantially burdened Plaintiff's right to associate by compelling her to associate with a group that takes controversial public positions on issues of public policy, with which she would not have voluntarily associated herself.

63. Defendants have no compelling interest sufficient to justify compelling Plaintiff's association with Students United.

64. The requirement to be a member of and associate with Students United is not sufficiently tailored to serve any compelling government interest.

65. Forced association with Students United violated Plaintiff's First Amendment rights and caused her harm for which she seeks an award of nominal damages.

## COUNT III

## Unjust Enrichment
## (against Defendant Students United)

66. Plaintiff incorporates by reference all preceding paragraphs.

67. To establish a claim for unjust enrichment under Minnesota law, a plaintiff must show that (1) the plaintiff conferred a benefit on the defendant, (2) the defendant appreciated and knowingly accepted that benefit, and (3) the defendant accepted and retained the benefit under such circumstances that it would be inequitable for him to retain it without paying for it.

68. Plaintiff conferred a benefit on Defendant Students United when she paid mandatory fees to Students United as a condition of her enrollment as a student at St. Cloud State University.

69. Defendant Students United appreciated and knowingly accepted the benefit of Plaintiff's mandatory fees.

70. It would be unjust for Defendant Students United to retain the benefit of Plaintiff's mandatory fees because the fees were collected in violation of Plaintiff's First Amendment rights to freedom of speech and association as set forth herein.

71. Plaintiff therefore seeks an award of damages for Defendant Students United's unjust enrichment at her coerced expense.

## PRAYER FOR RELIEF

Plaintiff Tayah Lackie respectfully requests that this Court:

1. Declare that Defendants' forcing Plaintiff to associate with and subsidize the political activity and speech of Students United as a condition of her enrollment at St. Cloud State University violated Plaintiff's First Amendment rights;

2. Award damages against Defendants in the amount of all fees Plaintiff was required to pay to Students United as a condition of her enrollment at St. Cloud State University;

3. Award nominal damages and damages for dignitary harm against Defendants for their violation of Plaintiff's First Amendment rights of freedom of association through their imposition of mandatory membership in Students United and compelled subsidy of Students United's political speech and activity;

4. Award damages against Defendant Students United for its unjust enrichment through the collection of unconstitutional mandatory fees from Plaintiff;

5. Award Plaintiff her attorneys' fees and costs under 42 U.S.C. § 1988 after appropriate post-judgment motion for the same;

6. Award Plaintiff any further relief to which she may be entitled that the Court deems just and proper.

Dated: May 9, 2024

**UPPER MIDWEST LAW CENTER**

*/s/ James V. F. Dickey*
Douglas P. Seaton (#127759)
James V. F. Dickey (#393613)
Alexandra K. Howell (#504850)
8421 Wayzata Blvd., Suite 300
Golden Valley, Minnesota 55426
Doug.Seaton@umlc.org
James.Dickey@umlc.org
(612) 428-7000

**LIBERTY JUSTICE CENTER**

Jacob Huebert*
James J. McQuaid*
440 N. Wells Street, Suite 200
Chicago, Illinois 60654
(312) 637-2280
jhuebert@ljc.org
jmcquaid@ljc.org
* *Pro hac vice admission to be sought*

*Attorneys for Plaintiffs*